# Heinrich v. Pittsburg Railways Company, Appellant.

*Contract—Disposal of dead body—Undertaker—Street railways—Inspectors—Principal and agent.*

Where a person is killed on the track of a street railway, and the line is blocked by reason of the difficulty of disposing of the body, an inspector of the company whose duty it is to keep the line open, has authority to contract with an undertaker near at hand to take and bury the body at the company's expense.

If in such a case the undertaker before incurring the expense of actual burial, informs the superintendent of the company of the arrangement made with the inspector, and the superintendent tells him to go ahead, the company will be deemed to have ratified the act of the inspector.

Argued April 17, 1908.   Appeal, No. 174, April T., 1908, by defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1905, No. 683, on verdict for plaintiff in case of Lewis L. Heinrich v. Pittsburg Railways Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit to recover for the burial of a dead body.   Before SHAFER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $94.60.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Don Rose,* with him *Clarence Burleigh, J. C. Gray* and *W. A. Challener,* for appellant.—There is absolutely no testimony in this case showing that a car inspector or dispatcher had any general or special authority from the defendant company to engage for the performance of the services alleged; that they had ever done so before; that the defendant company had ever held them out as having such authority, or that defendant company ever ratified any engagement of services

alleged in this case: Weldon v. Traction Co., 27 Pa. Superior Ct. 257; Lauer Brewing Co. v. Schmidt, 24 Pa. Superior Ct. 396; Beal & Simons v. Express Co., 13 Pa. Superior Ct. 143.

*James G. Hays*, for appellee.—Clearly this inspector had the right, and it was his duty to pledge the liability of his company under the facts in this case. Had the defendant's car wrecked a wagon, blocking the tracks, would he not have had the authority to contract for its removal, and would not his company have been liable?

But beyond this express authority, the defendant is liable, because, since it acts and must act only by agents, the company inspector and surgeon became "agents of necessity" under the circumstances, with full power to make necessary arrangements and binding contracts: Clark and Skyles on Agency, sec. 62, p. 161; Reinhard on Agency, sec. 85, p. 75; Patterson v. Consolidated Traction Co., 9 Pa. Dist. Rep. 362.

OPINION BY HENDERSON, J., July 15, 1908:

The plaintiff's case does not depend upon his ability to show that a motorman or inspector of a traction company has general authority to contract for the burial of the body of a person killed in an accident on the track. It is to be decided on the special facts exhibited by the evidence and if this shows express authority in a servant or authority in an emergency arising out of the necessities of the case or a ratification of the act of a servant done without authority the defendant's liability is established. A boy was struck by one of the defendant's cars and killed. His body was under the car. An inspector of the company and a surgeon, usually employed by it, arrived at the place of the accident about the time the body of the boy was removed from under the car. Several of the defendant's cars were stopped by the accident and action became necessary on the part of the employees of the company to dispose of the dead body. The inspector and surgeon decided to remove it to the plaintiff's office which was three or four blocks away. They accordingly placed the body on the platform of a car and took it there. When informed of the facts

the plaintiff told the inspector and surgeon that he knew the boy's mother; that she was unable to bury him and that they had better take the body to the morgue. This they objected to, saying they could not tie up the whole line and told.him to go ahead and that it would be all right. The duties of the inspector are thus stated by the defendant's superintendent of division five in which the accident occurred: "They are sent out to open up any blockades that happen along the road, to see the track is sanded when the track is bad, to see that the motormen and conductors perform their duties properly, and look after any accidents that may happen and render any assistance they can.

"Q. Their duty is to see to the operation of the road? A. Yes, sir."

The inspector, himself, in his testimony included among his duties the opening of blockades and looking after the injured in the case of accidents. It is not claimed that the surgeon had any authority in the premises, but his acts were in the presence of the inspector and with the latter's approbation. That the body was taken to the undertaker for burial seems evident from the testimony of the plaintiff, not contradicted. The servants of the company had in their charge the mangled body of the boy which they undertook to dispose of in a decent and orderly manner, and they were acting within the scope of their authority in making the disposal of it which they did. It would seem that the express authority of the inspector would extend this far, but whether that is so or not the emergency of the accident invested the representative of the company highest in authority who was then present with power to do everything proper to free the track and to relieve the employees from the custody of the body: Terre Haute, etc., R. R. Co. v. McMurray, 98 Ind. 358; Northern Central Ry. Co. v. State, 29 Md. 420; Quinn v. Ry. Co., 7 Pa. Superior Ct. 19. If, then, the inspector, having the body on the platform of one of the cars of the company, made an arrangement with the plaintiff to take it for burial in order that the line might not be tied up in removing it to the morgue, the emergency and the necessity of the defendant's situation would invest the agent

with authority to bind the company. The learned judge did not go this far in his instruction to the jury, but submitted to them the question whether the defendant was not bound because of a ratification of the act of the inspector after having been informed of what was done by the plaintiff before the burial of the deceased. Of this instruction we think there is no substantial ground of complaint, for it was shown that the plaintiff went to the superintendent of the division and told him what the inspector and surgeon had done and that he wanted to bury the boy on Monday morning; whereupon the superintendent said, "It will be all right and somebody will be up to see you this morning." No one came up and the plaintiff then proceeded to conduct the funeral. It was the duty of the company when informed of what had been done to repudiate the act of its servant if beyond his authority. This was not only not done but the plaintiff was encouraged to thereafter incur the principal part of the expense, for which his action is brought, and he was thereby warranted in believing that the company intended to be bound by the action of its inspector. Having put the body in the plaintiff's charge it was the duty of the defendant to notify him if it did not intend to pay the expense incident to the burden which they had placed on him.

The judgment is affirmed.